]











 
 
 ]
 
 







 
 
  
 
 




Opinion filed July 2, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00023-CR

                                 __________

 

                             CELIUS INMAN THOMAS, III, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 30th District Court

 

                                                         Wichita
County, Texas

 

                                                 Trial
Court Cause No. 47,100-A

 



 

                                             M E
M O R A N D U M    O P I N I O N

The jury convicted Celius Inman Thomas, III of
robbery, and the trial court assessed his punishment at confinement for four
years.  We dismiss.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel
presents four potential issues.








In
the first two potential issues, counsel contends that the evidence may be both
legally and factually insufficient to support the verdict.  As counsel notes,
two witnesses testified that appellant had a bulge in the front of his shirt as
he left the store.  When appellant was confronted, he fled from the store. 
Both witnesses pursued appellant, one on foot and one in a motor vehicle.  The
one who gave chase in the vehicle reached appellant first and asked him to
return the merchandise.  Appellant responded by hitting the witness in the head
and mouth with the merchandise.  Appellant denied ever entering the store. 
Counsel correctly concludes that the evidence is both legally and factually
sufficient.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Laster v.
State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  The first two potential
issues are overruled.

In
the third potential issue, counsel examines the trial court=s ruling on the State=s objection to a
hypothetical question asked by defense counsel during the cross-examination of
the arresting police officer.  Defense counsel questioned the officer
concerning what actions could constitute an assault, and the trial court
sustained the State=s
objection that the question contained a misstatement of the law.  Counsel
correctly concludes both that the question was improper and that error, if any,
would be harmless.  The third potential issue is overruled.

In
the final potential issue, counsel examines whether appellant was denied the
effective assistance of trial counsel because an insanity defense was not
pursued.  As noted, trial counsel filed a motion for examination regarding
incompetency.  The motion was granted, an examination was conducted, and the
report was admitted into evidence.  In the report, the examiner concluded that
appellant=s Areality perception@ was Agenerally within normal
limits,@ that the test
results were Aindicative
of residual signs of thought disorder@
but appellant was Anot
presently psychotic,@
that appellant appeared to have a schizophrenic condition that was Alargely in remission at
this time,@ and that
appellant appeared to have Aexaggerated
symptoms of mental disorders@
during the examination Asuggestive
of malingering.@  As
counsel concludes, the record does not support a claim of ineffective
assistance of counsel.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland
v. Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim.
App. 1999).  The fourth potential issue is overruled.

 








Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
not been filed. Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173
(Tex. App.CEastland
2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

July 2, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.